IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHN DANIEL O'NEILL,

    Petitioner,

v.                                                         Civil Action No. **3:10CV157**

**DIRECTOR, VIRGINIA DEPARTMENT
OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

John Daniel O'Neill has submitted a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his convictions in the Circuit Court for the City of Hampton for rapes and sexual abuse of multiple children. By Memorandum Opinion and Order entered on August 9, 2011, the Court dismissed the § 2254 Petition on the grounds that it was barred by the relevant statute of limitations. *O'Neill v. Dir., Va. Dep't Corr.*, 3:10CV157, 2011 WL 3489624, at *2 (E.D. Va. Aug. 9, 2011). On August 23, 2011, the Court received O'Neill's Motion for Reconsideration of that decision pursuant to Federal Rule of Civil Procedure 59(e). On September 2, 2011, the Court received from O'Neill a Motion for a Certificate of Appealability. Thereafter, the Court received several other motions from O'Neill wherein he amends or expands his arguments as to why his § 2254 Petition is not barred by the statute of limitations.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (*citing Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). O'Neill contends that he is entitled to relief upon the third ground. O'Neill, however, fails to demonstrate that the Court committed a clear error of law or that alteration of the judgment is necessary to prevent manifest injustice.[1] For example, contrary to O'Neill's assertion, he has not demonstrated his actual innocence excuses his failure to comply with the statute of limitations. Rather, as explained in excruciating detail in the Court's prior decision, the evidence of O'Neill's guilt remains overwhelming. *See O'Neill*, 2011 WL 3489624, at *7–12. O'Neill's Motion for Reconsideration (Docket No. 42) along with his other motions seeking reconsideration (Docket Nos. 47–50) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

---

[1] O'Neill largely reasserts arguments the Court previously rejected. *See Pac. Ins. Co.*, 148 F.3d at 403.

No law or evidence suggests that O'Neill is entitled to further consideration in this matter. O'Neill's Motion for a Certificate of Appealability (Docket No. 43) will be DENIED.

An appropriate Order shall issue.

Date: 12-23-11
Richmond, Virginia

/s/
James R. Spencer
United States District Judge